## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN ALESIUS, | ) | |
| BRENDAN BEAULIEU, | ) | |
| BRIAN STENSTROM, | ) | |
| ROBERT WATERHOUSE, and NICK | ) | Civil Action No. 20-1067 |
| CUSOLITO, individually | ) | |
| and on behalf of all similarly situated | ) | Judge Marilyn J. Horan |
| employees, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PITTSBURGH LOGISTICS SYSTEMS, | ) | |
| INC. d/b/a PLS LOGISTICS SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Plaintiffs Christian Alesius, Brendan Beaulieu, Brian Stenstrom, Robert Waterhouse, and Nick Cusolito, individually and on behalf of all others similarly situated, bring the present class action against Pittsburgh Logistics Systems, Inc. d/b/a PLS Logistics Services (PLS Logistics) under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* (Counts I and II), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41 (Count III), the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.3 (Count IV), and a state-law claim for unjust enrichment (Count V).  (ECF No. 1).  Presently before the Court is PLS Logistics' Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 13).  For the reasons that follow, PLS Logistics' Motion to Dismiss will be denied.

I.      BACKGROUND[1]

PLS Logistics is an incorporated logistics and transportation company with its principal corporate office in Cranberry Township, Pennsylvania.  (ECF No. 1, ¶¶ 4-5).  The company has over ten offices throughout the country and its annual revenue exceeds $500,000.  (ECF No. 1, ¶¶ 6, 8).  Plaintiffs worked at PLS Logistics as Account Executive Trainees (AETs).  (ECF No. 1, ¶¶ 18, 19, 20, 21).  Their primary role was to identify and obtain new clients and assist with providing support services for existing clients.  (ECF No. 1, ¶¶ 33-34).  In their jobs as AETs, the Plaintiffs were required to identify potential clients through internet searches and to contact those leads in hopes of obtaining their business.  (ECF No. 1, ¶ 34).  After a successful sale, the AET would then become the direct point of contact for the new client.  (ECF No. 1, ¶¶ 37-38).  The AETs were responsible for handling the logistics for any scheduled deliveries for said clients.  (ECF No. 1, ¶¶ 38-42).  This included scheduling trucking services through third-party freight transporters.  (ECF No. 1, ¶ 39).  To help ensure that the deliveries were successfully completed, the assigned AET was required to provide his/her personal cell phone number to the freight transport truck drivers so the AET could be reached by telephone at any time, day or night.  (ECF No. 1, ¶ 43).

The Complaint alleges that the Plaintiffs were paid an annual salary for which they adequately performed all of their duties to satisfy the job requirements of their respective positions.  (ECF No. 1, ¶¶ 55, 56).  Due to the nature of their jobs, the Plaintiffs routinely worked more than forty hours per week, sometimes working up to sixty or seventy hours per week.

---

1. The background facts are taken from the Complaint.  (ECF No. 1).  Because the case is presently before the Court on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), the Court accepts as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the Plaintiffs.  *See Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017).

(ECF No. 1, ¶¶ 60-69).  Although the Plaintiffs allegedly reported to their supervisors that they were routinely working more than forty hours per week, PLS Logistics did not adjust their work responsibilities or pay Plaintiffs overtime wages.  (ECF No. 1, ¶ 70-74).

In its Motion to Dismiss, PLS Logistics argues that this Court should not assert supplemental jurisdiction over the Plaintiffs' WPCL claims because the proof and scope of the WPCL's state law issues substantially predominates over the federal FLSA claims.  PLS Logistics also argues that the Plaintiffs failed to properly plead the existence of employment contracts between the AETs and the company, such that the WPCL claims should be dismissed for failure to state a claim upon which relief can be granted.  PLS Logistics argues that the Plaintiffs failed to plead the necessary numerosity requirements, such that their class action claim should be denied.  PLS Logistics also argues that Plaintiffs Alesius and Stenstrom are not similarly situated for the purposes of class certification of their FLSA claims because they did not work as AETs during their entire tenure at PLS Logistics.  And finally, PLS Logistics argues that the Plaintiffs' unjust enrichment claim should be dismissed because their employment relationship centered around an employment contract.

Five issues must be considered to resolve this Motion to Dismiss.  First, do state law issues predominate over the WPCL claim such that this Court should decline to exercise supplemental jurisdiction?  Second, is the failure to plead the existence of a contract fatal to the Plaintiffs' PMWA and WPCL claims?  Third, did the Plaintiffs fail to properly plead the numerosity requirements for their PMWA and WPCL class action claim?  Fourth, are Plaintiffs Alesius and Stenstrom similarly situated with the rest of the class to join the FLSA class?  Fifth, is the existence of an employment contract fatal to the Plaintiffs' unjust enrichment claim?

## II.     LEGAL STANDARD

PLS Logistics moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6).

### A.     12(b)(1) Standard

A court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a

claim.  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may be presented by the movant as

either a facial or factual challenge to the court's subject matter jurisdiction.  *Mortensen v. First*

*Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In reviewing a facial attack, "the

court must only consider the allegations of the complaint and documents referenced therein and

attached thereto, in the light most favorable to the plaintiff."  *Gould Elec. Inc. v. United States*,

220 F.3d 169, 176 (3d Cir. 2000).  In reviewing a factual attack, the court may consider evidence

outside the pleadings.  *Id.* (citing *Mortensen*, 549 F.2d at 891).  At "issue in a factual 12(b)(1)

motion is the trial court's jurisdiction[,] its very power to hear the case."  *Mortensen*, at 891.  The

plaintiff has the burden of establishing that the court has subject matter jurisdiction.  *Id.*

### B.     12(b)(6) Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief."  *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir.

2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its fact.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court clarified that this

plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

### III.   DISCUSSION

#### A.   Supplemental Jurisdiction over WPCL Claim

Federal courts may exercise supplemental jurisdiction over state law claims that share "a common nucleus of operative fact" with the federal claim that supports the court's original jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.* at 726. District courts may decline to exercise supplemental jurisdiction over state law claims where: "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). When "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *De Asencio v. Tyson Foods*, 342 F.3d 301, 309 (3d Cir. 2003), *as amended*, Nov. 14, 2003. In the *De Asencio* case, the Third Circuit Court of Appeals reversed a district court's decision to certify an opt-out WPCL class at the close of Discovery on the basis that the terms of proof and scope of the issues raised by the WPCL action substantially predominated over the FLSA claim. *Id.* at 309-12. The *De Asencio* decision was based on findings that the alleged implied oral contract at issue in the case presented a new and complex state law claim that was better resolved in state court at the first instance and that federal courts prefer opt-in classes as opposed to opt-out classes. *Id.* at 310-11.

PLS Logistics argue that the scope of the WPCL, which is a Pennsylvania state law claim, predominates over the FLSA claim, such that this Court should decline to exercise supplemental jurisdiction. (ECF No. 14, 3-4). Plaintiffs do not specifically address this argument in their brief, although they argue that the Complaint contains sufficient factual

material in support of their WPCL claim.  (ECF No. 21, 6).  This case is distinguishable from the *De Asencio* decision, in that said decision concerned class certification issues and novel state law issues that were better suited for resolution in state court in the first instance.  Presently before this Court is a Motion to Dismiss the Plaintiffs' Complaint.  A Class Certification Hearing has not been held, and Discovery has not yet begun.  Plaintiffs have alleged enough facts to suggest that express employment contracts exist and will be revealed during Discovery.  The Plaintiffs' WPCL claims turn on express employment contracts, which do not present novel issues of state law.  Additionally, the WPCL and FLSA claims arise from the same facts relating to the allegations that Plaintiffs routinely worked more than forty hours per week without overtime compensation.  Because the WPCL and FLSA claims arise from the same nucleus of operative facts and district courts have discretion to hear supplemental claims, the Court will exercise its discretion over the Plaintiffs' WPCL claim in the interests of judicial economy.  PLS Logistics' 12(b)(1) Motion to Dismiss the WPCL Claim, Count IV, will be denied.

## B.      Failure to State a WPCL Claim

"The Pennsylvania Supreme Court has allowed recovery under the WPCL only where there is a contractual obligation between the parties."  *Oberneder v. Link Comput. Corp.*, 696 A.2d 148, 150 (Pa. 1997).  "[T]he WPCL 'does not create a right to compensation . . . . [r]ather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages.  The contract between the parties governs in determining whether specific wages are earned.'"  *De Ascenio*, 432 F.3d at 309 (citations omitted).  "[A] prerequisite for relief under the PWPCL is a contract between employee and employer that sets forth their agreement on wages to be paid."  *In re Cargill Meat Sols. Wage & Hour Litig.*, 632 F. Supp. 2d 368, 397 (M.D. Pa.

2008) (citations omitted).  "Relief under the PWPCL is implausible without existence of a contract."  *Id.*

PLS Logistics argue that the Plaintiffs' WPCL claim must be dismissed because they failed to properly plead the existence of a contract.  (ECF No. 14, 4).  Plaintiffs argue that their Complaint sufficiently pleads a contract relationship to support their WPCL claim.  (ECF No. 21, 6).  The Plaintiffs' failure to plead the words 'employment contract' between the parties is not fatal to their claim at this stage of litigation.  The totality of the Complaint communicates a contractual employment relationship.  Plaintiffs have pled sufficient facts to suggest that employment contracts exist between the parties, the specifics of which will be revealed during Discovery.  Further, PLS Logistics' Motion to Dismiss acknowledges an employment contract between the parties.  (ECF No. 13, ⁋ 20).  As such, PLS Logistics' 12(b)(6) Motion to Dismiss the Plaintiffs' WPCL claim, Count IV, for failure to properly plead the existence of the contract will be denied.

### C.    Failure to Meet PMWA and WPCL Numerosity Requirements

Federal Rule of Civil Procedure Rule 23 requires as one of its prerequisites for class action certification that "[t]he class is so numerous that joinder of all members is impracticable."  To meet the numerosity requirements, plaintiffs typically must prove that there are more than forty individuals in the class.  *McDonald v. Well Fargo Bank, N.A.*, 374 F. Supp. 3d 462, 504 (W.D. Pa. 2019).  However, decisions about the numerosity requirements are better reserved for the class certification stage rather than upon a motion to dismiss.  *Jackson v. Alpharma Inc.*, Civ. No. 07-3250, 2008 WL 508664, *6 (D.N.J. Feb. 21, 2008).

PLS Logistics argues that Plaintiffs failed to set forth sufficient facts to meet the numerosity requirements under Federal Rule of Civil Procedure 23.  (ECF No. 14, 6).  Plaintiffs

do not specifically address this argument in their brief, although they argue that the Complaint contains sufficient factual material in support of their PMWA and WPCL claims. (ECF No. 21, 6). Questions about the numerosity of the PMWA and WPCL claims are better reserved for the class certification stage. Thus, PLS Logistics' Motion to Dismiss the Plaintiffs' PMWA and WPCL, Counts III and IV, class claims will be denied.

### D. Failure to State an FLSA Claim by Plaintiffs Alesius and Stenstrom

Pursuant to 29 U.S.C. § 216(b), employees must be "similarly situated" in order to bring a collective action under the FLSA. PLS Logistics argues that although Mr. Alesius and Mr. Stenstrom held AET positions at one time, they should not included in this FLSA class action because they did not hold AET positions during their entire time working at PLS Logistics. (ECF No. 14, 6-7). Mr. Alesius worked as an AET from May 2018 until February 2019, until he became a Logistics Coordinator in the company's Government sector in March 2019. (ECF No. 1, ¶ 18). The Complaint alleges that Mr. Stenstrom worked as an AET from September 2018 to November 2018, and PLS Logistics alleges that Mr. Stenstrom was also promoted to the position of Logistics Coordinator in January 2019. (ECF No. 1, ¶ 19; No. 13-1, 1). Plaintiffs argue that Mr. Alesius and Mr. Stenstrom are similarly situated for the purposes of the FLSA class even if they transferred jobs while working at PLS Logistics, because they initially started their careers at PLS Logistics as AETs. (ECF No. 21, 5). The Third Circuit Court of Appeals has found that Wal-Mart janitors who worked in 180 different stores in thirty-three different states and whose hours and wages varied were not similarly situated for the purposes of granting class certification. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 538 (3d Cir. 2012). This case is distinguishable from that case because, although the five named PLS plaintiff employees earned slightly different salaries, they worked at either the Pittsburgh, Pennsylvania or Charlotte, North

Carolina locations and held the same job titles at some point during their PLS Logistics tenure. (ECF No. 1, ¶¶ 18-21, 56-59; No. 13-1, 1).  Mr. Alesius and Mr. Stenstrom's FLSA claims should not be dismissed at this stage in the litigation because they were AET employees during part of the relevant claim period at issue.  Accordingly, PLS Logistics' Motion to Dismiss Counts I and II, the FLSA claims, against Plaintiffs Alesius and Stenstrom will denied.

### E.  Failure to State a Claim for Unjust Enrichment

"In Pennsylvania, the quasi-contractual doctrine of unjust enrichment (*quantum meruit*) does not apply when a written agreement or express contract exists between the parties." *Lackner v. Glosser*, 892 A.2d 21, 34 (Pa. Super. 2006).  "It is long-settled that the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship between parties is founded on a written agreement or express contract."  *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 896 (Pa. Super. 2011), *aff'd*, 106 A.3d 656 (Pa. 2014).  PLS Logistics argues that because Plaintiffs entered into employment contracts with PLS Logistics, Plaintiffs' unjust enrichment claim should be dismissed.  (ECF No. 14, 7-8).  Plaintiffs argue that because the terms of the employment contract are not currently in the record, the unjust enrichment claim should not be dismissed until after further fact finding.  (ECF No. 21, 7).  Although Plaintiffs have pled sufficient facts to suggest an employment contract between the Plaintiffs and PLS Logistics, at this stage, dismissal of the Plaintiffs' unjust enrichment claim would be premature.  PLS Logistics' Motion to Dismiss the Plaintiffs' unjust enrichment claim, Count V, will be denied.

IV.     **CONCLUSION**

For the reasons stated above, PLS Logistics' Motion to Dismiss will be denied.  An

appropriate Order will be entered.


Date:  4/15/2021

Marilyn J. Horan
United States District Court Judge